JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

*19-cv-2418*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Karen Stevens

## DEFENDANTS

**19   2418**

Bryn Mawr Bank Corporation d/b/a Bryn Mawr Trust Company

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mark D. Schwartz, 300 Sandcastle Drive, Bryn Mawr, PA 19010
610 525-5534

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ❏ 110 Insurance
- ❏ 120 Marine
- ❏ 130 Miller Act
- ❏ 140 Negotiable Instrument
- ❏ 150 Recovery of Overpayment & Enforcement of Judgment
- ❏ 151 Medicare Act
- ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❏ 153 Recovery of Overpayment of Veteran's Benefits
- ❏ 160 Stockholders' Suits
- ❏ 190 Other Contract
- ❏ 195 Contract Product Liability
- ❏ 196 Franchise

### REAL PROPERTY
- ❏ 210 Land Condemnation
- ❏ 220 Foreclosure
- ❏ 230 Rent Lease & Ejectment
- ❏ 240 Torts to Land
- ❏ 245 Tort Product Liability
- ❏ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ❏ 310 Airplane
- ❏ 315 Airplane Product Liability
- ❏ 320 Assault, Libel & Slander
- ❏ 330 Federal Employers' Liability
- ❏ 340 Marine
- ❏ 345 Marine Product Liability
- ❏ 350 Motor Vehicle
- ❏ 355 Motor Vehicle Product Liability
- ❏ 360 Other Personal Injury
- ❏ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❏ 365 Personal Injury - Product Liability
- ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❏ 370 Other Fraud
- ❏ 371 Truth in Lending
- ❏ 380 Other Personal Property Damage
- ❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ❏ 440 Other Civil Rights
- ❏ 441 Voting
- ☒ 442 Employment
- ❏ 443 Housing/ Accommodations
- ❏ 445 Amer. w/Disabilities - Employment
- ❏ 446 Amer. w/Disabilities - Other
- ❏ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ❏ 463 Alien Detainee
- ❏ 510 Motions to Vacate Sentence
- ❏ 530 General
- ❏ 535 Death Penalty

**Other:**
- ❏ 540 Mandamus & Other
- ❏ 550 Civil Rights
- ❏ 555 Prison Condition
- ❏ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ❏ 625 Drug Related Seizure of Property 21 USC 881
- ❏ 690 Other

### LABOR
- ❏ 710 Fair Labor Standards Act
- ❏ 720 Labor/Management Relations
- ❏ 740 Railway Labor Act
- ❏ 751 Family and Medical Leave Act
- ❏ 790 Other Labor Litigation
- ❏ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ❏ 462 Naturalization Application
- ❏ 465 Other Immigration Actions

### BANKRUPTCY
- ❏ 422 Appeal 28 USC 158
- ❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ❏ 820 Copyrights
- ❏ 830 Patent
- ❏ 835 Patent - Abbreviated New Drug Application
- ❏ 840 Trademark

### SOCIAL SECURITY
- ❏ 861 HIA (1395ff)
- ❏ 862 Black Lung (923)
- ❏ 863 DIWC/DIWW (405(g))
- ❏ 864 SSID Title XVI
- ❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ❏ 870 Taxes (U.S. Plaintiff or Defendant)
- ❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ❏ 375 False Claims Act
- ❏ 376 Qui Tam (31 USC 3729(a))
- ❏ 400 State Reapportionment
- ❏ 410 Antitrust
- ❏ 430 Banks and Banking
- ❏ 450 Commerce
- ❏ 460 Deportation
- ❏ 470 Racketeer Influenced and Corrupt Organizations
- ❏ 480 Consumer Credit
- ❏ 490 Cable/Sat TV
- ❏ 850 Securities/Commodities/ Exchange
- ❏ 890 Other Statutory Actions
- ❏ 891 Agricultural Matters
- ❏ 893 Environmental Matters
- ❏ 895 Freedom of Information Act
- ❏ 896 Arbitration
- ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❏ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
civil rights - Title VII + Section 198 (
Brief description of cause:
civil rights discrue + retaliation

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
>$150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE  Schiller   DOCKET NUMBER  2-19-CV-2408-00

DATE  June 5, 2019

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JUN - 5 2019

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   2418

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3400 West Chester Pike, Apt 408 C, Newtown Square, PA 19073

Address of Defendant: 801 Lancaster Ave., Bryn Mawr, PA 19010

Place of Accident, Incident or Transaction: corporate locations of Defendant in Eastern Pa.

**RELATED CASE, IF ANY:**

Case Number: 2-19-cv-2408-001    Judge: Schiller    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 5, 2019    Attorney-at-Law / Pro Se Plaintiff    Pa #30527    Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. ☑ Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):*

THIS CASE IS RELATED TO: 19cv2408

CIVIL ACTION NO. 19  2418
CRIMINAL NO.

ASSIGNED TO: RMS

*(The effect of)*

Mark D.Schwartz

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: June 5, 2019    Attorney-at-Law / Pro Se Plaintiff    Pa#30527    Attorney I.D. # (if applicable)

JUN -5 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*Karen Stevens*

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

v.

*Bryn Mawr Bank corporation*
*d/b/a Bryn Mawr Trust company*

CIVIL ACTION

19      2418

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

*June 5, 2019*          *Mark D Schwartz*          *Plaintiff*
Date                          Attorney-at-law          Attorney for

*(610) 525-5534*          *610 525-5534*          *markschwartz6814@*
Telephone                     FAX Number                E-Mail Address          *gmail.com*

(Civ. 660) 10/02

JUN -5 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN STEVENS**<br>**3400 West Chester Pike, Apt 408 C**<br>**Newtown Square, PA 19073**<br>Plaintiff | :<br>:<br>:<br>: | **CIVIL ACTION** |
| | :<br>: | **NO.**   19   2418 |
| **v.** | :<br>: | **JURY TRIAL DEMANDED** |
| **BRYN MAWR BANK CORPORATION d/b/a**<br>**BRYN MAWR TRUST COMPANY**<br>**801 Lancaster Avenue**<br>**Bryn Mawr, PA 19010**<br>Defendant | :<br>:<br>:<br>:<br>: | **COMPLAINT** |

### COMPLAINT

1.     Plaintiff Karen Stevens, a Caucasian female has been retaliated against as a result of her support of the racial discriminations claims of Wandrea Russo , a co-worker and head teller at Bryn Mawr Trust Company's main branch located in Bryn Mawr, PA. Plaintiff has also been herself discriminated against on account of sex and age, unfairly targeted, penalized and retaliated against as a result of standing up for her rights.  She has been subjected to a hostile and illegal working environment which pervades Bryn Mawr Trust Company, all of which is countenanced and supported by management. While she has been a long-term employee and remains employed, she has been relegated to remaining an hourly employee who is paid less than males with less experience. After complaining of discrimination internally and validating what transpired with respect to racial discrimination and retaliation against fellow branch employee Ms. Russo, Ms. Stevens filed a charge of discrimination with the EEOC. She now seeks to recover compensatory and punitive damages pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, The Age Discrimination  in Employment Act of 1967 and the Pennsylvania

1

Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.* in addition to seeking to recover damages under the Equal Pay Act of 1963, as amended, (Pub. L. 88-38) To this day, Plaintiff remains a victim of retaliation in the terms and conditions of her work barring her from career advancement at Bryn Mawr Trust.

## PARTIES

2.      Plaintiff Karen Stevens ("Ms. Stevens" or "Plaintiff") is an adult female born on February 20, 1967 residing in the Commonwealth of Pennsylvania. She was initially hired as a part time-teller on May 20, 1998 and remains employed as such at the present time. As a female individual over 40, as well as having other protected characteristics, she is a member of various protected categories of individuals under pertinent civil rights statutes.

3.      Defendant, Bryn Mawr Bank Corporation d/b/a Bryn Mawr Trust Company ("Defendant" or the "Bank") is a publically-traded commercial bank, headquartered at 801 Lancaster Avenue in Bryn Mawr, Pennsylvania. The Bank employs Ms. Stevens and approximately 600 employees and is an employer as defined by Title VII and the PHRA.

4.      At all relevant times hereto, Defendant acted by and through its duly authorized actual and/or apparent agents and employees acting within the course and scope of their actual and/or apparent agency and employment.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over the subject matter of Plaintiff's claims under federal law pursuant to 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state claims and federal claims are so interrelated that they form part of the same case or controversy under Article III of the United States Constitution.

2

7.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) and (c) since Plaintiff and Defendants reside in the Eastern District of Pennsylvania and since a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULFILLMENT OF TITLE VII CONDITIONS

8.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and PHRA.  Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on or about July 30, 2018.

9.     The EEOC issued a Right to Sue letter to the Plaintiff on March 7, 2019, and this lawsuit is brought within ninety (90) days of the issuance of the Right to Sue letter

## ANTICIPATED ADDITION/JOINDER OF WHISTLEBLOWER CLAIMS

10.     Plaintiff had to file this civil rights lawsuit within 90 days of receiving a right to sue letter.  In addition, pursuant to two federal statutes, Plaintiff has asserted whistleblower complaints against Defendant.  She has asserted claims pursuant to The Sarbanes-Oxley Act of 2002, 18 U.S.C. Section 1514A., specifically Section 806 thereof, which protects employees who report fraudulent activity that can harm investors in publicly traded companies. She has also invoked protection and asserted claims against Defendant pursuant to The Consumer Financial Protection Act (Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C Section 5567, which protects employees who report reasonably perceived wrong-doing when it comes to employers which provide consumer financial products. Pursuant to these statutes, Plaintiff's whistleblower complaint had to first be filed with OSHA followed by the expiration of 180 days before Plaintiff can proceed in Federal Court. As Plaintiff filed a

3

complaint with OSHA on May 9, 2019, the requisite time has not run at the time of this filing. At

the requisite time, Plaintiff expects to add those claims to this lawsuit.

## FACTUAL ASSERTIONS

11.     As set forth in her EEOC charge, during the course of her employment Plaintiff

learned first-hand of the Bank's history of hostility to those protected under applicable civil

rights and disabilities laws, herself having experienced difficulty when it came to the Bank's

refusal to accommodate her own condition protected under the Americans with Disabilities Act.

However, as noted in her EEOC Charge this lawsuit instead focuses on retaliation against

Plaintiff on account of her support of Wandrea Russo's claims of discrimination as well as her

own experience of being a victim of discrimination on account of her sex and age.

12.     Plaintiff has a history of good reviews. For example, a May 26, 2017 performance

review by her superior, Head Teller Russo, included the following:

> In the area of service over the past year Karen has continued to demonstrate a more
> positive attitude overall and has taken on additional work responsibilities. This is a core
> value for BMT and is necessary for branch success. Karen is well liked by BMT
> customers and is often sought out by clients who have handled business with her in the
> past.

> Karen has a consistent commitment to quality in her teller scanning which is an important
> job responsibility for all tellers. These efforts have resulted in Karen having very few
> TPS, and general teller errors as a whole.

> Karen takes initiative in completing outbound calls during our calling campaigns and on
> average completes 50 outbound calls a month. Karen's calling efforts often result in
> sales, and across the counter Karen regularly refers clients for additional BMT services
> and products that may be a benefit to them. Karen is knowledgeable on our offerings and
> assisted less seasoned tellers when possible.

> Karen continually follows BMT guidelines while performing her job with a high level of
> accuracy. …..

13.     Sometime in May or June of 2018, Plaintiff was called into a meeting with HR

4

representatives Stryker and Fryer and was questioned about a charge of discrimination brought
by Head Teller Wandrea Russo. Plaintiff corroborated her charge and the instances where
management made disparaging statements to and otherwise racially harassed Ms. Russo and
other African-Americans as well accusing Ms. Russo of lying and a "security breach."

14.    Plaintiff has learned that her pay was being shorted. Moreover, Plaintiff has been
paid less than males in the same position who are younger and less qualified than she. Despite
her long tenure and performance Plaintiff's gross pay on her w-2 forms for 2016, 2017 and 2018
were $21,332.94, $22,808.42 and $22,958.74 respectively.

15.    Bank management has known full well that Plaintiff's sister died on June 8, 2018
of cancer and that Plaintiff's mother has a case of worsening congestive heart failure. Bank
management also knows that Plaintiff lives with her mother and is responsible for her care,
which includes blending her food. Until Plaintiff corroborated Wandrea Russo's complaints,
Bank management was sympathetic to her situation, accommodating Plaintiff's situation,
particularly allowing her to take care of her mother's morning regimen and her feeding.
Typically, Plaintiff would get to the branch at 8:30 or 8:45 a.m. After Plaintiff's defense of
Wandrea Russo, she was told there to report as early as 7:30 or 8:00 a.m. as directed by Vice
President, Service Manager Cindy Yovanov.

16.    In contrast to the review quoted hereinabove and in clear retaliation, Plaintiff
received a Memorandum from Manager Ms. Yovanov on July 25, 2018 stating that "Recently
there have been situations that have occurred surrounding teamwork and scheduling that relate
directly to your role here at Bryn Mawr Trust". Typically unclear and unspecified generalities
were set forth therein under "Summary of Incidents" that include not having " shown a
willingness to learn new skills and procedures", a "lack of cooperation regarding the branch

5

opening schedule", and "fulfilling the obligation of your role, which is to work between 30-39 hours on an ' as needed' basis." Then Plaintiff was criticized for not arriving on time for a team meeting at the branch on July 25, 2018 at 8:00. a.m. The Memorandum ended with a heading "Action plan" stating that "If the organization experiences continued situations involving similar behaviors, it will result in additional corrective counseling, up to and including termination."

17.     Plaintiff did not receive the Memorandum until July 26 and responded to Ms. Yovanov's Memorandum providing copies to HR and others. Plaintiff resented what was claimed stating that "as far as I know I have been doing the job responsibility I was hired for except for the restrictions that I have and some limitations along with my disability." As opposed to refusing to learn "in fact I constantly asked to be able to be trained for platform even when everyone was given the opportunity I was not included in the training or given the opportunity to go." She further said that she did work with new procedures and also helped others. She went on to say that she has always reached or exceeded her sales goals.  She emphasized that she stayed late to work and help out when she could. She referred to the fact that she was "part time 30 hrs for 20 years" and this was never an issue until now. She concluded by saying that "I feel like I am being bullied and harassed and made to choose between the care of my mother and working…." At most, Plaintiff was late by several minutes to the meeting.

18.     Plaintiff subsequently received a "Corrective Communication Notice" dated October 3, 2018 with boxes checked indicating that it was a "final written warning" with the reasons for the notice consisting of alleged deficiencies in terms of "Cooperation with Co-Workers Inconsistent or Unacceptable" and "Cooperation with Supervisor/Manager Unacceptable."

19.     After she returned from vacation on October 24, 2018 Plaintiff responded to the October 3, 2018 notice by stating that at no time did, she say that she would not do a project. In fact, Plaintiff did help out with a 600 safety deposit box project, working on 400 boxes until her wrist gave out. She informed co-worker on this project of her condition and said that she would take it easy on Saturday and work on them again on Monday. Plaintiff notified Ms. Yovanov, HR and others that she had a witness who could corroborate her situation.

20.     Plaintiff was subsequently reviewed and was informed that she would not be getting a raise. Moreover, she got nothing in the way of a promotion.

21.     Plaintiff also has advised HR that her pay had been shorted.

22.     In addition to the retaliation/ discrimination against Plaintiff outlined hereinabove, Plaintiff has been denied days off, been criticized for being minutes late on several occasions, been subjected to arbitrary scheduling changes, changes in her goals, even changes with respect to parking, and has been subjected to a level of scrutiny not applied to others that continues to this day.

23.     As recently as March 1, 2019, Plaintiff wrote to HR stating that she questioned her low bonus and noting that this was the only year that she did not get a raise. She reiterated that she considered this behavior to be retaliation/ harassment for having contacted HR and supported the claims of Wandrea Russo. In addition, this time she also went on record as expressing concern about pressure to fill a quota with respect to sales and employee dependence on sales.

<u>COUNT I</u>
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

24.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

25.     As a result of her speaking out against the racist environment maintained by Defendant and in corroborating the claims of Wandrea Russo, Defendant has discriminated against Plaintiff denying her the protection from retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 as recognized by the U.S. Supreme Court in *CBOCS West Inc. v. Humphries* (No. 06-1431) (May 27, 2008)

26.     Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

27.     By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment with Defendant, she is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

28.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under § 1981, including but not limited to damages for mental anguish and emotional distress, reasonable attorney fees and costs, as well as punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

## DISCRIMINATION, RETALIATION AND MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq*

29.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

30.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful for employers to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race or sex.

31.     Discrimination on the basis of race or sex that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her race or sex; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances, the foregoing five elements are established.

32.     Defendant retaliated against Plaintiff as a result of her complaints of discriminatory treatment and a hostile work environment.

33.     Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

9

34.     Defendant is liable for the acts of management and Plaintiff's co-workers, because it knew of the existence of a discriminatory and a hostile work environment, but allowed the illegal acts and practices to continue.

35.     Defendant is liable for the acts alleged herein because of its culture of encouraging racial discrimination, harassment and retaliation.

36.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and retaliated against her for standing up for herself, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

37.     Defendant unlawfully retaliated against Plaintiff for filing charges with the EEOC and the Pennsylvania Human Relations Commission.

38.     The described unlawful employment practices by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

39.     By reason of Defendant's discrimination, retaliation and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT III

### DISCRIMINATION, RETALIATION AND MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

40.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

41.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex and age.

42.     Plaintiff, as a female over the age of forty in a protected class and also is protected from retaliation for standing against discriminatory practices directed at others.

43.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

44.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee.

45.     Sex and age discrimination that create an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under the Pennsylvania Human Relations Act.

46.     With respect to allegations of discrimination and retaliation, Defendant is liable for the acts of its supervisory and management employees, because the harassers and those who effectuated the discrimination used their actual or apparent authority to further the unlawful

conduct, and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

47.     Defendant is liable for the acts alleged herein because its managers and supervisors established its corporate culture which encouraged racial discrimination as well as a hostile work environment.

48.     The described unlawful employment practices and actions by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the laws of the Commonwealth of Pennsylvania. These unlawful acts were committed because of her sex and age, as well as the fact that she stood up for herself and others in opposition to illegal practices directed against her and them.

49.     By reason of Defendant's discrimination, retaliation and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

### COUNT IV

**AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

50.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

51.     The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* as amended ("ADEA"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.  At all times complained of herein, Plaintiff was an employee in the protected age category, of at least 40 years of age pursuant to 29 U.S.C. §631.

52.     The ADEA at Section 623 (a) provides that it is unlawful for an employer "(1)…to discharge or otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment because of such individual's age; (2) to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;" Further, Section 623(d) makes it illegal for an employer to discriminate against an employee for his or her opposition to unlawful practices.

53.     Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions and statements of its Board, CEO, managers and employees.

54.     Defendant is liable for the acts of its Board, CEO, its management, and co-workers, because it knew of their proclivities when it came to age discrimination towards Plaintiff and permitted a hostile work environment to exist, but did nothing about it.

55.     The age discrimination detrimentally affected Plaintiff and made her suffer emotional distress as a result of being paid less than a younger less-qualified employee. as well as emotional attendant to losing her job.

56.     Defendant is liable for the acts alleged herein because its Board and managers established the corporate culture, which encouraged age discrimination, harassment and retaliation, as well as other forms of discrimination.

57.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age, retaliated against her for standing up for herself, and has deprived her of her rights in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*.

58.     As a result of such conduct by Defendant, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by her as a consequence of Defendant's illegal conduct.

59.     The described unlawful employment practices by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.  These unlawful acts were committed because of her age and were in retaliation against her standing up for herself, in opposition to illegal practices directed against her.

60.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

61.     By reason of Defendant's discrimination, the named Plaintiff is entitled to all legal and equitable remedies available.

## COUNT V

## WAGE DISCRIMINATION IN EMPLOYMENT
## IN VIOLATION OF THE EQUAL PAY ACT OF 1963

62.    The Equal Pay Act of 1963, as amended (Pub. L. 88-38) (amending the Fair Labor Standards Act) prohibits discrimination on account of sex in the payment of wages by employers engaged in commerce or in the production of goods for commerce.

63.    Section 206 [Section 6} of the Equal Pay Act at (d)(1) specifically states that "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which the employer pays wages to employees of the opposite sex in such establishment for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

64.    Defendant is engaged in commerce and subject to the act.

65.    As described hereinbefore, Plaintiff has been discriminated against in terms of pay, when other males with less tenure perform the same teller task and are paid more.

66.    Teller functions are virtually the same, requiring equal skill, effort, responsibility and are performed under similar working conditions.

67.    Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions and statements of its Board, CEO, managers and employees.

68.     Defendant is liable for the acts of its Board, CEO, its management, and co-workers, because it knew of their proclivities when it came to unequal pay discrimination towards Plaintiff, but did nothing about it.

69.     Pay discrimination detrimentally affected Plaintiff and made her suffer damages.

70.     Defendant is liable for the acts alleged herein because its Board and managers established the corporate culture, which encouraged pay discrimination, harassment and retaliation, as well as other forms of discrimination.

71.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on in terms of pay and retaliated against her for standing up for herself, and has deprived her of her rights in violation of The Equal Pay Act of 1963.

72.     As a result of such conduct by Defendant, Plaintiff has suffered damages and is entitled to back pay, compensatory damages and award of legal fees suffered by her as a consequence of Defendant's illegal conduct.

73.     The described unlawful employment practices by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the Equal Pay Act

74.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee.

75.     By reason of Defendant's discrimination, the named Plaintiff is entitled to all legal and equitable remedies available.

**JURY DEMAND**

The Plaintiff demands a trial by jury of eight on all issues triable by a jury.

**CERTIFICATION**

I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By: /s/Mark D. Schwartz
   Mark D. Schwartz, Esquire (Pa ID #30527)
   300 Sandcastle Drive
   BRYN MAWR, PA 19010
   Telephone & Fax 610 525-5534
   Markschwartz6814@gmail.com

**THE PEARLMAN LAW FIRM, PLLC**

By: /s/ Jason L. Pearlman
   Jason L. Pearlman, Esquire (Pa ID #93879)
   Two Bala Plaza, Suite 300
   Bala Cynwyd, PA 19004
   610-660-7793
   jpearlman@pearlmanlawfirm.com

DATED: June 5, 2019                    *Attorneys for Plaintiff Karen Stevens*

17

## VERIFICATION

I, Karen Stevens, do hereby certify that I am the Plaintiff in the within action, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I do further understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

Dated: June 5, 2019

_____
Karen Stevens